

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br>KYLE EVAN BLAS,<br><br>Defendant. | CRIMINAL CASE No. CF 0004-12<br><br>**DECISION AND ORDER**<br>Defendant's Objection to<br>Judge James L. Canto, II<br>Presiding Over Case |

## INTRODUCTION

This matter came before Honorable Judge Michael J. Bordallo for a hearing on May 1, 2013, pursuant to Section 6107 of Title 7 of the Guam Code. The Court, on the basis of the record before it, overrules the objection and denies the request for recusal of Judge Canto.

## FACTUAL HISTORY

Upon the retirement of the Honorable Elizabeth Barrett-Anderson, Defendant's case was transferred to the court of Judge James L. Canto, II. On April 16, 2013, Defendant filed his Objection to Judge James L. Canto, II presiding over the instant case. On April 26, 2013, Judge Canto filed his Response to Statement of Objection. The Court hereby overrules Defendant's objection.

## DISCUSSION

On April 28, 2008, Defendant filed an Objection to Judge James L. Canto presiding over the case. Defendant cites to Title 7 GCA § 6105, which provides in pertinent part:

> Any judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but, if following complete disclosure to all parties in the proceeding of the reasons for disqualifications, all

parties agree to have the judge continue to sit in the proceeding, he or she need not disqualify himself or herself.

7 GCA § 6105. Defendant's objection is supported by a declaration of his attorney, F. Randall Cunliffe.[1] Defendant argues that Guam law imposes a duty upon each judge to disclose facts which may disqualify him or her from acting in a proceeding. 7 GCA § 6106. Disclosure of such disqualifiable facts must be made in open court and a memorandum served on all relevant parties. *Id.* Affiant asserts that Judge Canto has failed to comply with 7 GCA §6106 by failing to disclose facts which could disqualify him in this matter. Specifically, Affiant contends Judge Canto should have disclosed his personal relationship with a prosecutor from the Office of the Attorney General.

Although there is conflicting case law on the subject of disqualification, the Court finds that there is a general consensus that a familial relationship between a judge and prosecutor who is not involved with the case before the judge is not enough to create a reasonable question about the judge's impartiality." *In re Jacobs,* 802 N.W.2d 748, 753-54 (Minn. 2011); *see also In re Disqualification of Carr,* 826 N.E.2d 294, 297 (Ohio 2004). Under the facts asserted in this case, the Court finds that judges need not be disqualified from hearing criminal cases just because their husband, wife, son, or daughter is a prosecutor who does not appear before that judge. *See, e.g., State v. Harrell,* 546 N.W.2d 115, 118 (Wisc. 1996); *Adair v. State,* 709 N.W.2d 567. 575-78, 581 (Mich. 2006) (spouses as assistant attorneys general); *State v. Logan,* 689 P.2d 778, 784-85 (Kan, 1984) (son as prosecutor); *See also, In re Disqualification of Miller,* 688 N.E.2d 514 (Ohio 1997) (judge dating lawyer in plaintiffs law firm); *In re Trafford Dist. Ctr.,* 435 B.R. 745 (S.D.Fla.2010) (fiancé as employee of trustee's attorney).

---

[1] Mr. Cunliffe is referred to herein as "Affiant" because he made his Declaration "under penalty of perjury." Transforming that document into an affidavit pursuant to 6 GCA §4308.

Judge Canto has filed a written answer denying the allegations in Defendant's objection and denying that he is in any way disqualified from presiding over the case. Judge Canto contends that Assistant Attorney General Yu does not appear before his court as a prosecuting attorney on any criminal case, and he does not hear or handle any criminal case that she actively works on as a prosecutor. As such, disclosure of Judge Canto's relationship with Assistant Attorney General Yu was not mandated by 7 GCA §6106.

Affiant's second objection is that the personal relationship with Assistant Attorney General Yu has led to favoritism towards the prosecution. Reviewing this matter the Court finds the Guam Supreme Court's in *Van Dox* is dispositive:

> If a statement fails to allege 'any grounds of the disqualification found in 7GCA §6105,' it is legally insufficient and may be stricken by the challenged judge. [*People v. Johnny*, 2006 Guam 10 ¶20 (emphasis added). Further a statement of objection is insufficient if it includes only conclusory or irrelevant statements, such as:

> [C]onclusions, references to copious transcripts without citation to specific excepts; allegations of facts not pertinent or appropriate to the issues to be determined in the hearing; material not legally indicative of bias or prejudice, such as judicial rulings; judicial reactions based on actual observance in participation in legal proceedings; and references to circumstances so inconsequential as to be no indication whatsoever of hostility and non-probative of any bias or prejudice.

2008 Guam 7 ¶29.

Affiant's second assertions are hearsay.[2] Mr. Cunliffe asserts that Mr. VandeVeld, while in Judge Canto's court, in an unrelated matter, felt Judge Canto's demeanor and behavior became exceedingly cold to the defense and warm to the prosecution, when Assistant Attorney General Yu came into the courtroom to observe that trial. Mr. Cunliffe does not assert that he

---

[2] The Declaration of F. Randall Cunliffe has been declared "under perjury", this statement of what transpired at the trial between Mr. Vandeveld and Judge Canto is hearsay and the Court does not consider it as evidence.

has personal knowledge of Judge Canto's behavior, but says it was relayed to him by Mr. Vandevelt.

In the instant matter, Judge Canto does not have a financial interest nor any clear, concrete stake in this matter and as such his participation does not warrant disqualification based on his failure to disclose the personal relationship between Judge Canto and Assistant Attorney General Yu. Most importantly, Assistant Attorney General Yu is not counsel in the case at bar and does not appear before Judge Canto for any cases on behalf of the Attorney General. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States,* 410 U.S. 540, 555 (1994). "To warrant recusal, judicial bias must stem from an extrajudicial source," *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710 (9th Cir. 1992), "and not from conduct or rulings made during the source of the proceeding," *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381, 1388 (9th Cir. 1988). The Court finds there has not been any allegation that Judge Canto made a ruling in that trial that was somehow arbitrary, irrational, or not based upon the law.

Although the majority of state courts follow the Court's finding, the Court will also look to federal case law for additional guidance. Title 7 GCA §6105 is based upon title 28 U.S.C. § 455(a), which states: "Any [federal judge] shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. As such, '[f]ederal cases are useful... because Guam's rule on judicial disqualification is based upon federal law. See 28 U.S.C. §455(a) (1986).'" *Ada v. Gutierrez,* 2000 Guam 22 ¶ n.2. Federal courts have held the test is an objective one and "[i]t is well established that the recusal inquiry must be 'made from the prospective of a reasonable observer who is informed of all the surrounding facts and

circumstances.'" *Cheney v. U.S. Dist. Ct.,* 541 U.S. 913, 924, 124 S.Ct. 1391 (2004) *(quoting Microsoft Corp. v. U.S.,* 530 U.S. 1301, 1302, 121 S.Ct. 25 (2000)) (emphasis added).

In applying the test, the initial inquiry is whether a reasonable *factual* basis exits for calling the judge's impartiality into question." *U.S. v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993) (emphasis in original). Consideration of judicial disqualification is not based upon mere suspicion. *In re Allied-Signal, Inc.,* 891 F.2d 967, 970 (1st Cir. 1989). "Therefore, we ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Jordan, 49 F.3d at 156* (citing *In re Mason,* 916 F.2d 384, 385 (7th Cir. 1990). "[V]arious matters ... which will not ordinarily satisfy the requirements for disqualification under §455(a) include: 1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters..." *U.S. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993) (emphasis added).

Both parties to this personal relationship are alleged to have gone and observed each other handling cases in the Superior Court. More specifically, the factual basis for calling into question Judge Canto's impartiality is his behavior as witnessed in Judge Perez and Judge Lamorena's courtroom observing the prosecutor's performance. These factual allegations are hearsay. Affiants argue one can reasonably assume that Judge Canto's observation of the Assistant Attorney General Yu's performance was to give her advice about how to be a better prosecutor. Based on these observations, Affiant contends Judge Canto's interest in the professional abilities of Assistant Attorney General Yu appears to affect his ability to be fair and impartial. Affiant also asserts that any advice given to Ms. Yu would be inappropriate and affect his impartiality towards the entire Attorney General's Office as one could reasonably expect advice to be passed on to other Assistant Attorney Generals.

Judge Canto contends Affiant does not present any real facts, but instead makes the objection based on his own assumptions and suspicions. Federal courts reject such tenuous suspicions and conclusions because they are not a reasonable basis to question a judge's impartiality. *Davis v. Commisisoner,* 734 F.2d 1302, 1303 (8th Cir. 1984); *City of Cleveland v. Krupansky,* 619 F.2d 576, 578, (6th Cir. 1980). The Court finds the Affiants have failed to allege facts which demonstrate Judge Canto's appearance of partiality. Accordingly, the Court finds, as a matter of law, the admissible evidence presented would not cause a reasonable person to question Judge Canto's ability to be impartial. Therefore, the Court hereby overrules Affiant's objection to judge Canto presiding over this case.

## CONCLUSION

Based on the foregoing, the Court finds the evidence presented would not cause a reasonable person to question Judge Canto's ability to be impartial. Therefore, the Court hereby overrules Affiant's objection to Judge Canto's competency.

SO ORDERED, this 28th day of May 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I hereby certify that this is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAY 2 8 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam